IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KERRY MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00928-DGK |
| | ) | |
| WESTROCK SERVICES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO AMEND**

This case arises out of Plaintiff Kerry Morris' employment with Defendant Westrock Services LLC ("Westrock"). Plaintiff alleges Westrock violated the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.055, *et seq.*, by unlawfully terminating him due to his age and then retaliating against him by opposing his application for unemployment benefits. Plaintiff filed this lawsuit in the Circuit Court of Clay County, Missouri, and Defendant removed the case to federal court by invoking the Court's diversity jurisdiction.

Now before the Court is Plaintiff's motion to amend the Petition by adding three claims: two against Westrock and a battery claim against a new, non-diverse defendant. ECF No. 19. Because the proposed claims are either futile or brought after undue delay solely to defeat diversity jurisdiction, the motion is DENIED.

**Factual and Procedural Background**

On November 16, 2021, Plaintiff filed suit in Clay County, Missouri. The initial, still-operative Petition alleges Westrock violated the MHRA by unlawfully terminating him due to his age (Count I) and retaliating against him (Count II). ECF No. 1-2. The Petition alleges that Plaintiff, a 59-year-old man who worked the second shift for 20 years, complained to Robert

Suttington, a union steward,[1] several times about being harassed on the basis of his age. In fact, Suttington himself was hostile to Plaintiff; on one occasion, Suttington tried to shove Plaintiff's head into a machine. Suttington also attempted to bully Plaintiff into doing his job, which made extra work for Plaintiff. Management also made ageist comments to Plaintiff on a regular basis, referring to him as "old man," telling him he was too slow, and asking him to step aside and let a younger employee handle it.

This age discrimination against Plaintiff culminated in August of 2020. On August 11, Plaintiff reported to a production manager that co-worker Joel Heavin ("Heavin") was not getting his job done. The production manager said he would take care of it.[2]

On August 12, Plaintiff discussed with Suttington an opening for a first-shift operator position which Plaintiff was next in line for. Suttington also wanted the job and warned Plaintiff that if he took it, Suttington "would make it hard on him."

Later that day, Heavin assaulted Plaintiff in the workplace. Heavin got in Plaintiff's face, took Plaintiff's headset off, and cursed at Plaintiff for complaining to management about Heavin not getting his work completed. Heavin then swept Plaintiff's feet out from underneath him and repeatedly punched him in the face, sending him to the hospital. Plaintiff suffered a broken nose and a neck contusion, and also received twenty-one stiches in his left eye and nine stiches in his right. Plaintiff filed a police report accusing Heavin of battery.

---

[1] The proposed First Amended Petition clarifies that Suttington is a union steward, and that Plaintiff directed his complaints to him for this reason.

[2] The proposed First Amended Complaint adds that the production manager told Plaintiff he would keep his name out of it, and that Plaintiff also told Suttington about the issue, but no one else.

Westrock subsequently fired Plaintiff for fighting in the workplace, despite the fact that Plaintiff was "just trying to defend himself."[3] Westrock continued to discriminate and retaliate against Plaintiff for months by denying him unemployment benefits after terminating his employment.

Westrock removed the case to federal court on December 23, 2021. On March 30, 2022, the last day to amend the pleadings or join additional parties under the scheduling order, Plaintiff filed the pending motion to amend the pleadings.

Plaintiff's entire combined motion and suggestions in support of the motion reads as follows:

> 1. FRCP 15(a) provides '[t]he court should freely give leave [to amend] when justice so requires.'
>
> 2. The Court's scheduling order [doc. 16 at p. 1] provides that any motion for leave to amend or to join additional parties must be filed by today, March 30, 2022. Plaintiff's motion is, therefore, timely.
>
> Accordingly, Plaintiff asks the Court to grant him leave to file the attached first amended complaint and to add Joel Heavin as a party defendant.

Mot. at 1, ECF No. 19.

The proposed First Amended Complaint, ECF No. 19-1, supplies additional details about events related to the assault and its aftermath. It also alleges Westrock discriminated against two other older co-workers. One quit or retired early due to age discrimination by Westrock, and one was never allowed to return to work after taking family and medical leave.

---

[3] The Petition does not provide the reason Westrock stated for firing Plaintiff, nor does it explain exactly Plaintiff did in the course of "just trying to defend himself."

3

Case 4:21-cv-00928-DGK   Document 29   Filed 06/23/22   Page 3 of 11

More importantly, the First Amended Complaint seeks to add three additional claims. Proposed Count Three, a workers compensation retaliation claim against Westrock, alleges Plaintiff's decision to file a claim for a workplace injury following the assault had a determinative influence on Westrock's decision to fire and/or initially oppose Plaintiff's claim for unemployment compensation. Proposed Count Four, a negligent supervision claim against Westrock, alleges the production manager encouraged employees to engage in violence. Proposed Count Five[4] alleges battery against Heavin, a new, nondiverse defendant. Both proposed Counts Three and Five would destroy diversity and force remand back to state court.[5]

## Standard

Because Plaintiff is seeking to join a nondiverse defendant after removal, 28 U.S.C. § 1447(e)[6] governs the Court's decision whether to permit joinder. The purpose of the statute is "to avoid a plaintiff's gamesmanship of divesting the court of subject-matter jurisdiction by giving the Court discretion to deny joinder if the added defendant would destroy diversity." *Andreasen v. Progressive Express Ins. Co.*, 276 F. Supp. 3d 1317, 1328 (S.D. Fla. 2017).

To determine whether to permit joinder under § 1447(e), the Court must first determine whether "the plaintiff satisfied Fed. R. Civ. P. 19 by showing that the new parties are necessary and indispensable to a full resolution of the case." *Bailey v. Bayer Cropscience L.P.*, 563 F.3d 302, 308 (8th Cir. 2009). Second, the Court must determine whether justice requires the new

---

[4] This claim is called "Count IV" in the proposed amended complaint. This is a typographical error. It is Count Five.

[5] A claim for retaliation under Missouri's workers' compensation laws is non-removable. 28 U.S.C. § 1445(c); *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1245 (8th Cir. 1995) (holding an action for retaliatory discharge under Mo. Rev. Stat. 287.780 arose under Missouri's workers' compensation law and was not removable under § 1445(c)).

[6] "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

4

defendant to be joined. *Id*. at 309. In making this determination, the Court weighs: (1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking to amend the complaint; and (3) whether the plaintiff will be significantly injured if amendment is not allowed. *Id*. The Eighth Circuit has cautioned that "'when faced with an amended pleading naming a new nondiverse defendant in a removed case,'" a district court "'should scrutinize that amendment more closely than an ordinary amendment.'" *Id*. (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).

## Discussion

As a threshold matter, the Court denies the motion because Plaintiff's initial brief is so threadbare that it does not meet the minimum requirements to grant a motion: it fails to cite § 1447(e), relevant controlling caselaw, apply the facts of this case to the law, or engage in any substantive analysis. To grant the requested relief, the Court would essentially have to identify the applicable standards and then construct Plaintiff's arguments for him. The Court declines to do so. *See Gamez v. Colvin*, No. 13-4199-CV-W-DGK-SSA, 2014 WL 4112925, at *4 (W.D. Mo. Aug. 19, 2014) ("Because Plaintiff did not develop her argument sufficiently to guide the Court, it is rejected."); *see* Fed. R. Civ. P. 7(b)(1)(B) (requiring movants to "state with particularity the grounds for seeking the order").

That said, to aid in any appellate review, the Court rules on the merits of the motion as follows.

**I.     Proposed Counts Three and Four are futile.**

Defendant argues Count Three, the worker's compensation retaliation claim, is futile because it fails to plead specific facts from which the Court could reasonably infer that Plaintiff's decision to file a worker's compensation claim after the workplace assault motivated Defendant's

decision to terminate Plaintiff. To state a claim for workers' compensation retaliation, Plaintiff must plead facts showing, or at least supporting a reasonable inference, that: (1) Plaintiff was employed by Defendant; (2) Plaintiff exercised a right under the Missouri Workers' Compensation Law; (3) Defendant discriminated against or discharged him; and (4) Plaintiff's exercise of rights under the statute was a motivating factor in his termination. Mo. Rev. Stat. § 287.780. A motivating factor is one that "actually played a role in the discharge" and had a "determinative influence on the discharge or discrimination." Mo. Rev. Stat. § 287.780. Defendant argues this count fails to satisfy the third element, because it alleges only that "[Plaintiff's] workplace injury and/or his filing of a claim actually played a role in and had a determinative influence on his discharge and/or on Westrock's decision to initially fight Morris's claim for unemployment compensation." Proposed First Am. Compl. ¶ 31. Defendant suggests this pleads a legal conclusion, not facts, and is insufficient under *Iqbal/Twombly*.

Defendant argues Count Four, the negligent supervision claim, is futile because the MHRA, along with the Workers' Compensation Act and Whistleblowers Protection Act, "provide the exclusive remedy for any and all claims for injury or damages arising out of an employment relationship." Mo. Rev. Stat. § 213.070.2. The Missouri Supreme Court has confirmed that because "the MHRA provides a fully comprehensive remedial scheme enveloping the remedies available" for common law claims, it "supersedes and displaces" common law claims, and a plaintiff may not amend his petition to include such claims. *State ex rel. Church & Dwight Co. v. Collins*, 543 S.W.3d 22, 27-28 (Mo. 2018) (overruling circuit court's decision not to dismiss claims for negligence and wrongful discharge because the MHRA supersedes common law claims). Arguing in the alternative, Defendant contends this claim is barred by the exclusive remedy portion of the Missouri Worker's Compensation Statute. Mo. Rev. Stat. § 287.120.

Plaintiff's complete response to all of these arguments is, "[u]nder the legal standards set forth above, Plaintiff also clearly makes 'colorable' claims under state law for workers compensation retaliation and negligent supervision. *See Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806 (8th Cir. 2003) *supra* and [ex. 1 to doc. 19] paragraphs 10-20, 29-40."[7]

Plaintiff's conclusory argument is unavailing. Proposed Count Three fails to state a claim because it pleads only conclusions with respect to the third element. Indeed, it is a textbook example of pleading a legal conclusion. Count Four fails to state a claim because the MHRA supersedes common law claims such as negligent supervision.

The motion is denied with respect to Counts Three and Four for futility.

## II. Leave to add Count Five is denied under § 1447(e).

Defendant argues the Court should deny leave to amend Count Five, the battery claim against Heavin, because Plaintiff has not shown that its addition is necessary and indispensable to a full resolution of this case. Citing § 1447(e), Defendant contends Plaintiff is seeking to add Heavin in order to destroy the Court's subject matter jurisdiction, as evidenced by the fact that Plaintiff waited six months after filing his Petition to add him as a potential defendant. Defendant also argues the addition of Heavin constitutes fraudulent joinder because there is no reasonable basis in fact and law supporting Count Five. Defendant contends Count Five is displaced by the MHRA since the claim against Heavin concerns the same underlying facts as his MHRA claim, which arose from and are inextricably tied to his Westrock employment.

In his reply brief, Plaintiff makes three arguments. First, the motion is not dilatory. Plaintiff offers no explanation why he waited six months to bring this claim despite being aware

---

[7] *Filla* concerns fraudulent joinder. It says nothing about when a complaint pleads sufficient facts to survive a motion to dismiss or whether the MHRA displaces common law claims.

7

Case 4:21-cv-00928-DGK   Document 29   Filed 06/23/22   Page 7 of 11

of all the facts supporting it at the time he filed his initial Petition in state court. Instead, he notes the motion was filed on the last day permissible under the scheduling order to file an amended complaint, intimating that if a motion for leave to amend is made within the time specified in the scheduling order, it cannot be dilatory. Second, Plaintiff argues Defendant has not met its burden to show fraudulent joinder. Third, Plaintiff contends Heavin

> is necessary and indispensable to this litigation because, among other problems, Plaintiff will have a 'hard' time getting him to even appear for a deposition. Finally, rather than piecemeal litigation, it makes sense for one court to have all parties to this action before one jury at one time.

Reply Br. at 4.

The Court rules as follows.

The fraudulent joinder doctrine is inapplicable to the pending motion because fraudulent joinder is based upon the plaintiff's pleadings at the time of removal, and the pending motion seeks to add claims which would destroy diversity *after* removal. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998); *Andreasen*, 276 F. Supp. 3d at 1327 (citing *Pacheco*); *see Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (observing the standard applies to "the face of plaintiff's state court pleadings"). This outcome makes sense because Congress has passed a statute, § 1447(e), to govern joinder of a nondiverse defendant after removal. *Id*.

Applying § 1447(e) here, the Court finds Plaintiff has failed to meet the standard set forth in *Bailey*. First, Plaintiff has not shown Heavin's presence is necessary and indispensable to a full resolution of the case. The Court can easily accord complete relief between the existing parties without Heavin, and Heavin has no interest in Plaintiff's employment discrimination claims. *See* Fed. R. Civ. P. 19(a); *see also Dean v. Am. Honda Motor Co.*, No. 17-03069-CV-S-DPR, 2018 WL 910670, at *2 (W.D. Mo. Feb. 15, 2018). Plaintiff's argument that Heavin is a

8

necessary and indispensable party because otherwise Plaintiff will have difficulty getting him to sit for a deposition is unpersuasive. Assuming for the sake of argument this assertion is true,[8] this does not make him a necessary and indispensable party to this case.

The second factor, whether justice requires him to be joined in this litigation, is also not satisfied. The three factors all weigh against joinder. First, Plaintiff practically admits pursuing joinder to defeat federal jurisdiction. Given that Plaintiff knew all of the facts necessary to name Heavin in his initial state court petition, but did not, and then sought to add him after removal, is strong evidence the amendment is sought solely to destroy diversity.

Second, the fact that Plaintiff waited until the spring of 2022 to amend the Petition when he could have brought a battery claim against Heavin in his initial Petition (indeed, he could have brought a battery claim against Heaving in August 2020) indicates Plaintiff has been dilatory. Granted, Plaintiff filed the pending motion by the deadline to amend in the scheduling order. But filing by the deadline is not a safe harbor. That deadline exists to ensure that litigants pursue discovery diligently to identify all potential litigants and add them to the litigation in a timely fashion, so that the litigation is not delayed later by the addition of more parties. The key fact here is that Plaintiff knew Heavin was a potential defendant from day one of this litigation, had no good reason to delay adding him as a party, yet still waited six months to move to add him. Under the circumstances, this is dilatory. *See Lindsey v. Dow Chem. Co.*, No. 4:21 CV 374 CDP, 2021 WL 4940934, at *4 (E.D. Mo. Oct. 22, 2021) (finding plaintiff was dilatory because he inexplicably waited "nearly six months to join a party he already knew—or could have easily discovered—was involved in his alleged injury."); *Shelton v. Akins*, No. 4:20CV198 HEA, 2020 WL 3605555, at *3 (E.D. Mo. July 2, 2020) (holding plaintiff's awareness and knowledge of the

---

[8] Plaintiff's brief does not explain why a properly served subpoena cannot compel Heavin to sit for a deposition.

9

potential defendant which predated her state court petition suggested improper delay); *Klotz v. Lowe's Home Centers, LLC*, No. 4:17-CV-282 (CEJ), 2017 WL 1426022, at *2 (E.D. Mo. Apr. 21, 2017) (holding plaintiff's delay in seeking to join co-defendants whose identifies he knew since the incident was dilatory even though plaintiff met the joinder deadline set forth in the scheduling order).

Third and finally, Plaintiff will not be significantly injured if the Court denies leave to amend. While Plaintiff is correct this could result in piecemeal litigation *if* Plaintiff decides to pursue a battery claim against Heavin (that is, if Plaintiff wants to pursue a battery claim he will have to file a separate case in state court), this is a big "if." The fact that Plaintiff could have filed a battery claim against Heavin for many months but has not, indicates Plaintiff's interest in pursuing such a claim is purely to avoid federal jurisdiction. Consequently, Plaintiff will not be injured by the denial of leave to amend.

But even if Plaintiff wishes to pursue his battery claim against Heavin for reasons entirely unrelated to destroying diversity and the timing of his request is merely coincidental, Plaintiff has not demonstrated that having to engage in piecemeal litigation would *significantly* injure him. Plaintiff's battery claim against Heavin (at least as alleged by Plaintiff) is straightforward and requires little discovery for Plaintiff to prosecute successfully. Indeed if, as Plaintiff suggests, Heavin will not even sit for a deposition, this litigation will not last very long or require much effort; at some point, the state court will simply enter a default judgment against Heavin. Hence, even if Plaintiff has to engage in piecemeal litigation, he will not be significantly injured.

The motion to amend is denied with respect to proposed Count Five.

## Conclusion

For the foregoing reasons, the motion to amend is DENIED.

**IT IS SO ORDERED.**

Dated: June 23, 2022  /s/ Greg Kays
 GREG KAYS, JUDGE
 UNITED STATES DISTRICT COURT